IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLIE LAMONTE MCKINNEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-122 |
| | ) | |
| MS. YOUNG, Mental Health Director; | ) | |
| MR. FORT, Warden; and | ) | |
| WELL PATH, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

According to Local Rule 4.1, the commencement of a civil action requires compliance with four specific criteria, including the presentation of the original complaint and the appropriate filing fee, or the original complaint and a petition to proceed *in forma pauperis* ("IFP"). Also, Local Rule 11.1, in conjunction with Federal Rule of Civil Procedure 11, requires every paper presented for filing to be signed by Plaintiff. When Plaintiff submitted his complaint on August 28, 2023, he had not signed it, (see doc. no. 1), and he did not pay the filing fee or submit a motion to proceed IFP. The Clerk of Court issued two deficiency notices that same day regarding the need to sign his complaint and to pay the $402 filing fee or file a motion to proceed IFP; the notices warned Plaintiff that failure to correct the deficiencies could result in dismissal. (See doc. nos. 2, 3.)

When the time to respond to the Clerk's deficiency notices expired without a response from Plaintiff, the Court discovered a name and location error had occurred on the docket

when the Clerk of Court opened the case. Thus, the Court directed Plaintiff's name and address to be corrected on the docket. (See doc. no. 4.) Moreover, although the prior deficiency notices had not been returned as undeliverable, in an abundance of caution, the Court directed the Clerk to re-serve the notices and extended the deadline for compliance. (See id.) The extended deadline has now expired, but Plaintiff has not responded to the deficiency notices.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).

Plaintiff did not sign his complaint and did not comply with the requirements for commencing a civil action by filing his complaint unaccompanied by the full filing fee or a motion to proceed IFP. When given the opportunity to correct the deficiencies, Plaintiff failed to respond to the Clerk's notices. Plaintiff's failure to comply with the filing requirements of the Local Rules and Federal Rules of Civil Procedure, as well as his failure

2

to respond to the Clerk's deficiency notices, amounts not only to a failure to prosecute, but also an abandonment of his case.

In sum, the time to respond has passed, and Plaintiff has neither signed his complaint, nor paid the filing fee or submitted a motion to proceed IFP as required. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of October, 2023, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA